IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**     Plaintiff, | § § § |
| v. | §  CIVIL ACTION NO. 7:21-cv-00358 |
| **1.71 ACRES OF LAND, MORE OR LESS, SITUATED IN STARR COUNTY, TEXAS; CITY OF ROMA, ET AL.,**     Defendants. | § § § § § § § |

**DEFENDANT CITY OF ROMA, TEXAS' FIRST AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT IN CONDEMNATION AND COUNTERCLAIM FOR ADVERSE POSSESSION**

TO THE HONORABLE COURT:

Defendant the City of Roma, Texas (the "City Defendant") files this First Amended Answer to the Second Amended Complaint in Condemnation of Plaintiff, the United States of America and responds as follows:

### I.   Property in which City Defendant claims an interest

1. Tract RGV-RGC-1066 (0.824 Acres)

"A 0.824 of one acre (35,880 square feet) parcel of land out of a portion of Share 11-a, and Share 10, Porcion 71, Ancient Jurisdiction of Mier, Mexico, now Starr County, Texas and a portion of a tract of land described in a deed to the City of Roma, recorded in Volume 108, Page 637 of the Official Records of Starr County Texas (O.R.S.C.T.), a portion of a tract of land described in a deed to the City of Roma recorded in Volume 1108, Page 811 O.R.S.C.T. and a portion of a tract of land described in a deed to the City of Roma recorded in Volume 971, Page 41 O.R.S.C.T." *See* Amended Complaint in Condemnation, Schedules CC and DD.

2. Tract RGV-RGC-1090 (0.166 Acres)

"A 0.166 of one acre (7,214 square feet) parcel of land out of a portion of Porcion 71, Ancient Jurisdiction of Mier, Mexico, now Starr County, Texas, and a portion of the right-of-way of Historical Plaza (120 feet wide), as shown on the Map of the City of Roma, recorded in Volume 2, Page 353 of the Map of Records of Starr County (M.R.S.C.T.), Texas." *See* Amended Complaint in Condemnation, Schedules CC and DD. This parcel was revested to the City of Roma by the Final Judgment issued by this Court in Civil Action No. 7:21-CV-00369, Dkt. 9, entered on October 25, 2021.

3. Tract RGV-RGC-1095 (0.062 Acres)

"A 0.062 of one acre (2,685 square feet) parcel of land out of a portion of Porcion 71, Ancient Jurisdiction of Mier, Mexico, now Starr County, Texas, and a portion of the right-of-way of Juarez Avenue (40 feet wide), as shown on the Map of the City of Roma, recorded in Volume 2, Page 353 of the Map Records of Starr County (M.R.S.C.T.), Texas." *See* Amended Complaint in Condemnation, Schedules CC and DD; *See* Second Amended Complaint in Condemnation, Exhibit DDD (containing corrected survey for Tract RGV-RGC-1095). This parcel was revested to the City of Roma by the Final Judgment issued by this Court in Civil Action No. 7:21-CV-00369, Dkt. 9, entered on October 25, 2021.

## II. Nature and extent of City Defendant's interest in the property

City Defendant is a municipality created and organized under the laws of the State of Texas. City Defendant asserts that it owns in fee simple the above-identified property that is the basis of the condemnation, subject to any corrections in the legal description, additional title work, and/or surveys that may be necessary to establish a correct legal description. This includes the property identified in the Second Amended Complaint as parcel RGV-1066.

### III.     Objections and affirmative defenses to the taking

A.  City Defendant objects to Plaintiff's proposed taking as it exceeds statutory authority because Plaintiff has failed to meaningfully consult with City Defendant, as required by the Consolidated Appropriations Act, 2008 ("2008 Appropriations Act"), Pub. L. 110-161, §564(1)(C)(I), 121 Stat. 2090 (2008).

B.  City Defendant objects to Plaintiff's proposed taking as it would deny City Defendant due process of law.

C.  The amount of Plaintiff's proposed compensation is unjust and inadequate to compensate for the property to be condemned.

D.  Plaintiff's proposed taking is arbitrary and capricious, in part because Plaintiff has failed to consult with City Defendant as required by Pub. L. 110-161, §564(1)(C)(I), 121 Stat. 2090 (2008).  This failure to consult effects and relates to issues involving City Defendant's daily functions and operations as a municipality. Such includes the location, re-direction and/or impact of the border fence on a city-owned and operated water pump on the banks of the Rio Grande River, which delivers water to the City's treatment plant via above-ground water pipes. City Defendant asserts that Plaintiff has not, to date, engaged in meaningful discussions with City Defendant as required by the Appropriations Act, but only in informal, non-definitive discussions regarding such. City Defendant wishes to advise the Court that it is not opposed to Plaintiff's governmental prerogatives of entry for the purpose of surveying, inspecting, testing, or otherwise investigating the location of the fence and to consider alternatives and impacts in relation to the City's municipal water functions, or any related municipal activity in the area, in order to achieve the goals of the Congressional mandate.

E. City Defendant objects to the nature of the interest/estate to be condemned and asserts that Plaintiff can accomplish its same objectives with regard to the border security infrastructure over the proposed property, through alternative means, including a type of permanent easement with right of reverter should the border fence project be abandoned or dismantled at a future date.

F. City Defendant asserts that the statutory deadline under which Plaintiff is operating is arbitrary and capricious, creates an unnecessary time pressure and has no rational relationship to a legitimate governmental purpose.

G. City Defendant asserts that the legal description contained in Plaintiffs Complaints, as amended, may be inaccurate, and any inaccuracies should to be corrected.

## IV.    Answer

In addition to and without waiving, the objections and defenses asserted above, City Defendant responds to the Plaintiff's specific allegations as follows. The Second Amended Complaint is the most recent pleading in this case and, as amended, updates various provisions of the Original Complaint and First Amended Complaint, while incorporating any unchanged provisions of the Original Complaint. Therefore, in order to respond to the Second Amended Complaint, City Defendant responds to the paragraphs as numbered in the Original Complaint as updated by the various amended Complaints.

1. With respect to Paragraph 1 of the Second Amended Complaint, City Defendant admits.

2. With respect to Paragraph 2 of the Second Amended Complaint, City Defendant admits the Court has jurisdiction pursuant to 28 U.S.C. § 1358.

3. With respect to paragraph 3 of the Second Amended Complaint, City Defendant admits that the enumerated statutes generally provide legal authority for the taking of interests in property, but is unable to admit or deny whether this action has been instituted in accordance with such.

4. With respect to paragraph 4 of the Second Amended Complaint, City Defendant admits such purpose is the stated purpose for the interest in said property.

5. With respect to paragraphs 5 of the Second Amended Complaint (as combined with the First Amended Complaint), City Defendant cannot admit or deny that the clarified legal descriptions and plats of the lands identified by Plaintiff are correct or are "heretofore acquired in these proceedings." Therefore, these paragraphs are denied.

6. With respect to paragraph 6 of the First Amended Complaint (and Schedule EE attached thereto), City Defendant admits the estate being acquired by Plaintiff is fee simple. However, City Defendant denies that the drainage system owned and operated by City Defendant will be unaffected by Plaintiff's acquisition.

7. With respect to paragraph 7 of the First Amended Complaint, City Defendant is unable to admit or deny whether all known parties having or claiming an interest in said property are set forth, therefore denied. City Defendant denies that the other co-Defendants identified in Plaintiff's Schedule G to the Original Complaint have an interest in the property such that they would be entitled to any amount of the just compensation for the property that is the subject of this suit

8. With respect to paragraph 8 of the First Amended Complaint, City Defendant denies that local and state taxing authorities have any claim or interest in the property by reason of taxes and assessments due and eligible. City Defendant owns the property that is the subject of this suit and, therefore, the land is not subject to taxation.

## V.     City Defendant's Crossclaim For Adverse Possession

9. Pursuant to Fed. R. Civ. P. 13(g) and 18, City Defendant asserts a cross claim of adverse possession against all co-Defendants, or other interested parties, identified by Plaintiff in its Complaints, as amended, to all of Share No. 10 Abstract 163, Porcion 71 Ancient Jurisdiction of Mier, as that property is described in Plaintiff's Second Amended Complaint in parcels RGV-RGC-1066, 1090, and 1092. Parcels 1090 and 1092 have already been revested into City Defendant, as stated in Section I, above. Therefore, the only remaining issue is to determine the title of parcel RGC-1066.

10. This Court has jurisdiction over City Defendant's crossclaim for adverse possession pursuant to 28 U.S.C. § 1367(a). This Court has jurisdiction to make title determinations in condemnation cases. *See Clark v. White*, 185 F.2d 528, 530 (5th Cir. 1951); *see also* Fed. R. Civ. P. 71.1(h)(1).

11. To the extent any co-Defendants or other interested parties identified in Plaintiff's Complaints, as amended, have any claim or interest in the property identified as parcel RGC-1066 in No. 10 Abstract 163, Porcion 71 Ancient Jurisdiction of Mier, co-Defendants have ceded title to City Defendant pursuant to Chapter 16 of the Texas Civil Practices and Remedies Code due to adverse possession by City Defendant.

12. City Defendant holds title to the property by virtue of the following instruments:

- Warranty Deed, Document 258819 in Vol. 1108, Page 811 of the Starr County Deed Records filed on August 18, 2006, by Grantor Luis F. Ramirez to Grantee the City of Roma, Texas.

- Quitclaim Deed, Document 242098 in Vol. 1020, Page 611 of the Start County Deed Records filed on November 12, 2004, by Grantors Rosa Nellie Arce Cardenas, Robert

Arce, Armando Salazar, Alicia M. Arce, Arturo X. Arce, and Ninfa Arce to Grantee the City of Roma, Texas.

- Quitclaim Deed, signed on February 1, 1939, by Grantors Manuel Ramirez, Consuelo M. de Pena, and Alberto Pena Jr. to Grantee the City of Roma, Texas.

- Quitclaim Deed signed September 27, 1947, by Grantor Manuel Ramirez to Grantee the City of Roma, Texas.

13. Further, City Defendant has actually, visibly, openly, exclusively, and consistently appropriated all of Share No. 10 Abstract 163, Porcion 71 Ancient Jurisdiction of Mier, for more than twenty (20) years under a claim of right and in a manner that is inconsistent with and hostile to any claim of any other person. Following the conveyance of the property to City Defendant, City Defendant constructed a water treatment plant and drainage infrastructure and a road along the Rio Grande River to access these improvements, and has taken other steps to actually, visibly, openly, exclusively, and consistently appropriate this property. These improvements have been in place continuously for more than twenty (20) years and continue to be exclusively used by City Defendants to the present date.

## VI. Jury Demand.

City Defendant demands a jury to the extent allowed in this proceeding.

## VII. Conclusion & Prayer for Relief.

Therefore, based on the foregoing, City Defendant respectfully requests that the Court:

1. Vest in City Defendant title to or other interest in all of Share No. 10 Abstract 163, Porcion 71 Ancient Jurisdiction of Mier and tracts RGV-TGC-1066 as identified in Plaintiff's complaints.

2. Allow City Defendant to recover his expenses for attorneys' fees, under the Equal Access to Justice Act, 28 U.S.C. § 2412.

3. Alternatively,

    a. Grant it a trial by jury as to the matters alleged in the complaint, including just compensation and the estate to be condemned;

    b. Direct Plaintiff to meaningfully consult with City Defendant as required by the 2008 Appropriations Act; and,

    c. Order such other relief in City Defendant's favor as it may, in its discretion, deem appropriate.

                                                Respectfully submitted,

*/s/ Philip B. Arnold*
Joshua D. Katz
Texas Bar No. 24044985
Southern District No. 2156333
jkatz@bickerstaff.com
Philip B. Arnold
Texas Bar No. 24044710
parnold@bickerstaff.com

BICKERSTAFF HEATH
DELGADO ACOSTA LLP
3711 South MoPac Expressway
Building One, Suite 300
Austin, Texas 78746
Telephone: (512) 472-8021
Fax: (512) 320-5638

**COUNSEL FOR DEFENDANT CITY OF ROMA, TEXAS**

8

## **CERTIFICATE OF SERVICE**

I certify that on this 2nd day of March, a true and correct copy of the foregoing document was filed with the Court via the CM/ECF, and that a true and correct copy of this document was served upon all counsel of record by electronic service via the Court's CM/ECF.

                                             */s/ Philip B. Arnold*
                                              Philip B. Arnold